DeConcini McDonald Yetwin & Lacy, P.C.
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Phone: 602-282-0500
Fax: 602-282-0520
Direct line: 602-282-0472

**Lawrence D. Hirsch, #004982**
Attorney For Debtors

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| In Re: | In Proceedings Under Chapter 13 |
|---|---|
| Ralph Stern and Tomi Stern | Case No. 2:09-bk-11373 |
| Debtor(s). | CHAPTER 13 PLAN AND APPLICATION EXPENSES |
| ADDRESS: 78746 Falsetto Drive Palm Desert, CA 92211 | X Original ☐ Amended ☐ Modified |

Debtors, Ralph and Tomi Stern (hereinafter "Debtors") proposes the following Chapter 13 Plan:

1. Debtors shall submit that portion of their future income to the supervision and control of the Trustee as is necessary for the execution of the Plan. Debtor shall submit Plan payments to the Trustee as follows:

**$330.39 per month for 1 month commencing June 25, 2009**

**$865.70 per month for 59 months commencing July 25, 2009**

The first payment shall be made to the Trustee within 30 days after filing of Debtor's Chapter 13 Petition (Filing Date: May 26, 2009). A constructive payment due date of the 25th day of the month with the first interim Plan payment to be paid on or before 6/25/09

1

has been established. All remaining Plan payments shall be made on or before the 25th day of each month for the duration of Debtor's Chapter 13 Plan. Debtor is to make Plan payments in the form of a <u>cashier's check or money order</u>, with each check to bear the case number, payable to<u>, Edward Mainey, Chapter 13 Trustee, P.O. Box 10434 Phoenix, AZ 85064-0434.</u> All debts are provided for by this Plan. Only creditors holding claims duly filed, proved and allowed shall be allowed to receive dividend payments under the Plan.

2. To the best of their information and belief, Debtor has filed income tax returns for the years of 2006, 2007, 2008 with the appropriate taxing agencies, as currently required. Debtor has been advised that all income tax returns must be prepared and filed within sixty (60) days from the date first set for their meeting of creditors or Trustee can dismiss their Chapter 13 proceedings.

3. The Debtor agrees to keep current the filing of all required post-petition tax returns, as well as making all payments, if any, due on such returns.

4. ALL SECURED CREDITORS SHALL BE PROVIDED FOR AS STATED IN THIS PLAN REGARDLESS OF THE SECURED AMOUNT STATED IN THE PROOF OF CLAIM. IF SECURED CREDITORS DO NOT FILE AN OBJECTION TO CONFIRMATION OF THE PLAN THEN THE SECURED CREDITOR IS DEEMED TO HAVE ACCEPTED TREATMENT OF ITS CLAIM UNDER THE PLAN. 11 U.S.C. §1325(A)(5)(I).

5. Claims shall be classified as listed below and paid in accordance with the following Plan:

I. **ADMINISTRATIVE EXPENSES:**

A) <u>TRUSTEE'S FEES</u> - The Trustee shall receive such percentage fee of Plan payments as may periodically be fixed by the Attorney General pursuant to 28 U.S.C. §586(e), but not to exceed ten percent (10%).

B) <u>ATTORNEY'S FEES </u>- A minimum of $3,500.00 shall be paid under the Plan. In

the event that said fees and costs exceed the minimum amount stated herein, an Application for Interim Compensation of Fees and Costs shall be prepared, filed and noticed to all creditors of the Debtor. Upon approval of said application, the Stipulated Order of Confirmation shall provide for the payment of the additional approved fees and costs.

Services to be provided to the Debtor includes any or all of the following: evaluating the financial condition of the Debtor; review of the worksheets; preparation of schedules and petition for filing Chapter 13; drafting the Chapter 13 Plan; necessary creditor contacts and responses; attend the First Meeting of Creditors; attend any court appearances in either administrative or adversary proceedings; draft appropriate motions and responses and negotiate with any and all creditors to resolve any claims. All attorney fees shall be paid before any dividends are paid to other creditors, except for the payments to the Trustee.

C) <u>LEASES & UNEXPIRED EXECUTORY CONTRACTS:</u>

<u>Assumed</u>:

| <u>Creditor & Property Description</u> | <u>Estimated arrearage Amount</u> | <u>Arrearage Through Date</u> |
|---|---|---|
| NONE | | |
| [Creditor name or state none] [Brief property description] | $[Amount] | [Date] |

<u>Rejected</u>:

| <u>Creditor</u>   NONE | <u>Property Description</u> |
|---|---|
| [Creditor name or state none] | [Brief property description] |

II. **CLAIMS SECURED BY REAL PROPERTY:**

The following creditors shall retain security interest in real property and the Trustee shall have no interest in or claim to the property securing the claim. Regular monthly payments becoming due after the filing of the Petition shall be made outside the Plan. No payment shall be deemed late and the agreement which is the basis for a claim

3

shall not be deemed in default as a result of the arrearage cured under this Plan. The estimated arrearage listed below shall be adjusted to reflect the actual arrearage at the time of the confirmation. Should creditor file an objection, based entirely on the arrearage figure which as stated above shall be adjusted to reflect the actual arrearage at the time of the confirmation, creditor accepts full responsibility for its own attorney fees in connection with the objection. The arrearage as adjusted, including late charges, shall be cured within the length of this Plan and shall be made in conjunction with secured personal property claims and prior to payment on priority and general unsecured claims.

| Creditor | Property Description & Value | Claim & Arrearage Amounts |
|---|---|---|
| OUTSIDE THE PLAN- EMC Mortgage Washington Mutual 7104 S. 24th Lane Phoenix | 15929 N. 111th Way Scottsdale | |

The property located at 15929 N. 111th Way is no longer the Debtors' principal residence. It has a fair market value of $500,000 based upon a recent appraisal, and is encumbered by a senior lien in favor of EMC in the amount of $650,000. Debtors shall make monthly interest payments of $2,083.33 to EMC, the first lien holder, (5%) for 60 months and then pay the entire principal balance. The debt due EMC was discharged in Debtors' Chapter 7 Bankruptcy (08-17470) and no remaining debt is due. The property is further encumbered by liens in favor of Chase Home Equity and Bank USA. The debts due Chase Home Equity and Bank USA were discharged in Debtors' Chapter 7 case and no payments shall be made to either Chase or Bank USA. The liens held by these creditors shall be stripped in a separate valuation hearing, to be held after Notice to these creditors.

The property located at 7104 S. 24th Lane is not the Debtors' residence. It has a fair market value of $90,000, based upon a recent appraisal, and is encumbered by a lien in favor of Washington Mutual in an amount of approximately $165,000. Debtors shall make monthly interest payments of $395.83 to Washington Mutual, the first lien holder (5%) for 60 months and then pay the remaining principal balance. The debt due Washington Mutual was discharged in Debtors' Chapter 7 proceeding and no remaining debt is due Washington Mutual. The property is further encumbered by a lien in favor of Bank USA. The debt due Bank USA was discharged in the prior Chapter 7 proceeding. The lien in favor of Bank USA shall be stripped in a separate valuation hearing to be held upon Notice and no payments will be made to Bank USA.

### III. CLAIMS SECURED BY PERSONAL PROPERTY:

The following creditors shall retain their interest in property securing their claims. They shall be paid the lesser of the debt balance or the value of the property as a secured claim plus interest at the rate specified. Upon payment of this amount, their security interest shall be released. Any unpaid balance shall be classified and paid as an unsecured claim based upon creditor's duly filed and approved Proof of Claim. Claims paid under this category shall be paid in conjunction with secured real property claims and shall be paid in full prior to commencement of payment on priority and general unsecured claims.

| Creditor & Property Description | Claim Amount & Value | Amount To Be Paid On Secured & Interest: |
|---|---|---|
| Toyota Financial Services 2008 Minivan | CLAIM: $25,650 VALUE: $18,000 ARREARS: $3,077 | MO. PAYMENT: $484.05 MO. AREARS: $51.30 INTEREST: 5% |

### IV. DISPUTED SECURED CLAIMS REGARDING PERSONAL PROPERTY:

Debtor disputes that any other creditors hold security interests in any items of personal property. To the extent that any of the creditors as set forth on the attached

5

Exhibit A claim secured status, Debtor proposes to pay said creditor the amount of $5.00 as and for its secured claim.

V. **PRIORITY UNSECURED CLAIMS:**

The following priority tax claims shall be paid in full without post-petition interest, unless specifically stated. All taxes not paid by the Plan, shall be discharged by these proceedings. Property of the Debtor shall vest in the Debtor upon confirmation. Any liens held by the respective tax agencies will be deemed extinguished and are to be released upon completion of this Plan. Payment on priority claims shall commence after all administrative claims, secured real property claims and secured personal property claims and prior payment on general unsecured claims. While the case is pending, the Debtor shall provide to the trustee a copy of any post-petition tax return within thirty days after filing the return with the tax agency. The Debtor has filed all tax returns for all taxable periods during the four-year period ending on the petition date, except: [not applicable or describe unfiled returns].

(a) Unsecured Domestic Support Obligations.

The Debtor shall remain current on such obligations that come due after filing the petition. Unpaid obligations before the petition date to be cured in the plan payments.

| <u>Creditor</u> | <u>Estimated Arrearage</u> |
|---|---|
| NONE | $[Amount Owed Through Date] |

(b) Other unsecured priority claims.

All taxes not paid by the Plan shall be discharged by these proceedings. Property of the Debtor shall vest in the Debtor upon confirmation. Any liens held by the respective tax agencies will be deemed extinguished and are to be released upon completion of this Plan.

| Creditor/Agency | Type & Year of Debt | Estimated Amount |
|---|---|---|
| ADOR | TAXES | $ 6,521.51 |

## VI. UNSECURED CLAIMS:

Dale Ulrich was the Chapter 7 Trustee in the prior Chapter 7 proceedings. Ulrich as asserted that there is a debt due that estate of approximately $8,000. Should Ulrich file a claim and should that claim be allowed, Debtors will pay that amount in full.

The property of the estate shall vest in Debtor upon confirmation. In no event shall the amount to be distributed to each creditor provided for under this Plan by less than the value of the property upon which said creditor has an enforceable lien, plus the amount, if any, that would be paid such claim if the estate of Debtor was liquidated under Chapter 7 of the United States Bankruptcy Code. Debtor represent that this Plan has been proposed by them in good faith and is not by any means forbidden by law. Debtor at this time, believe they would be able to make all proposed payments under the Plan and to comply with the Plan.

## VII. SURRENDERED PROPERTY:

Debtor surrenders the following property. Upon confirmation of this Plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to the collateral to be surrendered. Any claim filed by such creditor shall receive no distribution until the creditor files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor.

| Claimant | Property to be surrendered |
|---|---|
| NONE | [Brief property description] |

VIII. **FUNDING SHORTFALL:** Debtor will cure any funding shortfall before the Plan is deemed completed.

## CHAPTER 13 PLAN ANALYSIS

DEBTOR:
CASE NO.: 09-01181 CGC
PETITION DATE: 01/23/2009
LENGTH OF PLAN: 60 MONTHS

PRIOR: BANKRUPTCY ( ) CHAPTER

**TRUSTEE USE:** §341 MEETING DATE:
CONTINUED:
CONFIRMED DATE:

---

**TOTAL DEBT PROVIDED FOR UNDER THE PLAN:**

| | | |
|---|---|---|
| A. | Administrative Expenses | $ -0- |
| B. | Total Priority Claims | |
| | 1. Unpaid Attorney's Fees | $ 3,500 |
| | 2. Taxes | $ 6,521.51 |
| | 3. Other | $ -0- |
| C. | Total of Payments To Cure Defaults | $ -0- |
| D. | Total of Payments on Secured Claims Real Property (Incl. Est. Interest) | $ -0- |
| E. | Total of Payments on Secured Claims Personal Property (Incl. Est. Interest) | $ 28,711.79 |
| F. | Total of Payments on General Unsecured Claims | $ 8,000 |
| | *SUB-TOTAL* | $ 46,733.30 |
| G. | Total Trustee's Compensation | $ 4,673.33 |
| | *TOTAL DEBT AND ADMINISTRATIVE EXPENSES* | $ 51,406.63 |

## SECTION 1325 ANALYSIS

(I) BEST INTEREST OF CREDITORS TEST:

(a) Value of debtor's interest in nonexempt property $ -0-

(b) *Plus:* Value of property recoverable under avoiding powers $ -0-

(c) *Less:* Estimated Chapter 7 administrative expenses $ -0-

(d) *Less:* Amount payable to unsecured, priority creditors $ -0-

8

(e) *Equals:* Estimated payable to unsecured, non-priority
claims if debtor filed Chapter 7                          $ -0-

**IF THERE ARE ANY DISCREPANCIES BETWEEN THE PLAN AND THE PLAN ANALYSIS, THE PROVISIONS OF THE PLAN AS CONFIRMED CONTROL.

Respectfully submitted this 6th day of July 2009,

DECONCINI MCDONALD YETWIN & LACY, P.C.

/s/ Lawrence D. Hirsch, #004982
Lawrence D. Hirsch
7310 North 16th Street, Suite 330
Phoenix, Arizona 85020
Attorney for Debtor(s)

APPROVED:

/s/Ralph Stern
Debtor

/s/Tomi Stern
Debtor