LANE & NACH, P.C.
2025 North Third Street
The Brookstone - Suite 157
Phoenix, Arizona 85004
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003

Lisa Perry Banen – 010412
Email: lisa.banen@lane-nach.com

Adam B. Nach – 013622
Email: adam.nach@lane-nach.com

Attorney for Secured Creditor Bank USA, N.A.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>RALPH A. STERN and TOMI LYNN STERN<br><br>Debtors | (Chapter 13 Case)<br><br>No. **2:09-bk-11373-CGC**<br><br>**OBJECTION TO CHAPTER 13 PLAN** |

BANK USA, N.A. ("Bank USA") respectfully objects to the Debtor's "Chapter 13 Plan and Application Expenses," and requests that confirmation be denied. This objection is supported by the following memorandum of points and authorities:

**A. Underlying Loan**

1. On or about March 30, 2007, Regency Tent Mfg., Inc., ("Borrower") made, executed and delivered a promissory note, ("Note"), in the original sum of $500,000.00 to Bank USA.

2. In conjunction with the Note, the Debtors executed and delivered an Unconditional Guarantee.

3. Payment of the Note and performance under the Unconditional Guarantee are secured by the following Deeds of Trust which encumber the Real Property:

**7104 S. 24th Lane, Phoenix, AZ 85041 ("24th Lane Property")**

**15929 N. 111th Way, Scottsdale, AZ 85255-1998, ("111th Way Property")**

(collectively "Deeds of Trust" on "Properties")

4. Borrower failed to make monthly payments under the Note, and Bank USA called the Note fully due and payable.

5. Bank USA has liquidated certain assets pledged as collateral for the Note, and has applied the proceeds to the deficiency remaining unpaid under the Note.

6. Debtor owes Bank USA in excess of $90,000 plus accruing interest, fees and costs. An exact payoff amount can be obtained by contacting Bank USA's counsel.

7. The Deeds of Trust are valid and enforceable subordinate liens on the Real Properties.

**B. Chapter 7 Proceeding**

8. On December 3, 2008, Debtors filed their bankruptcy petition under Title 11, United States Code, and the case is in a Chapter 7, case number No. 08-BK-17470-PHX-SSC, ("Chapter 7").

9. Debtors filed the Chapter 7 showing the 111th Way Property as their residence, and, upon information and belief, the 111th Way Property was their principal residence during the time all loans were made secured by that property.

10. In addition to the Bank USA loan, Debtors listed the following liens on Schedule "D" in their Chapter 7:

| Property | Amount due on First Lien | Amount due on "Second Lien" | Value per Debtors |
|---|---|---|---|
| 7104 S. 24th Lane | $145,342 – WAMU | None | $135,000 |
| 15929 N. 111th Way | $593,398 -EMC | $69,000 - Chase | $650,000 |

11. Bank USA is advised and believes and based on that belief alleges that the "second lien" scheduled by the Debtors in favor of Chase Home Equity against the 111th Way Property for $69,000 is actually a third mortgage, and not a second mortgage. Regardless, Bank USA concedes there is no equity above its lien, but maintains that its liens are secured.

12. On January 29, 2009, Bank USA filed a Motion for Relief in the Chapter 7, seeking relief from the automatic stay to protect Bank USA's interest in the Properties.

13. A discharge was entered in the Chapter 7 on May 11, 2009.

14. On June 10, 2009, First-position lender Wells Fargo filed a Motion for Relief in the Chapter 7 proceeding asserting that the loan secured by the 111th Way Property was due for the February 2009 payment, and that the loan was in arrears $23,695. Therefore, upon information and belief, Debtors have been and are unable to make the regular payments on the underlying first-position loan secured by the 111th Way Property.

15. On July 2, 2009, an Amended Order granting relief from the automatic stay as to Bank USA's interest in the Properties was entered in the Chapter 7.

16. While Debtors maintain that the Bank USA loan has been "discharged" in the Chapter 7, no valuation proceeding was initiated in the Chapter 7, and no findings as to values were made in the Chapter 7.

**C. Chapter 13 Proceeding**

17. On May 26, 2009, Debtors filed a Chapter 13 proceeding, and their Chapter 13 Plan was filed July 6, 2009.

18. The Debtors' proposed Plan proposes to "strip" Bank USA's lien from both the 24th Lane Property and the 111th Way Property and allow the Debtors to retain ownership of both properties, free and clear of Bank USA's liens in both Properties.

19. Bank USA asserts that there is no value above the Bank USA liens, but denies that Bank USA is fully unsecured as to its lien in the Properties.

20. The Debtors First Meeting of Creditors under 11 U.S.C. §341 was held on July 8, 2009.

21. At the 341 meeting, Debtors admitted the following:

A. The underlying first on the 24th Lane Property is due for the December 2008 or January 2009 mortgage payment.

B. The underlying first on the 111th Way Property is due for the December 2008 or January 2009 mortgage payment.

C. While Debtors listed income on Schedule I of $3,000 per month from a job in California, Debtor wife is not working, Debtor husband was laid off in May of 2009, and is not working.

D. Debtors intend to fund the plan from rent generated by the two properties and unemployment payments.

23. Debtors counsel has also indicated that the Debtors do not intend to pay the arrearage to the underlying first-position lien holders, but plan to "strip off" the arrearage.

**D. Objections to Confirmation**

24. Bank USA objects to the proposed treatment of its liens as such liens are not subject to avoidance, and the proposed Chapter 13 Plan impermissibly attempts to modify the terms of the Bank USA loans.

25. No determination has been made as to the value of the Properties, and the efforts to strip the liens are therefore improper.

26. The Plan does not provide for Bank USA to retain the lien securing its claim until the payment of the debt or discharge under 1328, and does not provide for the retention of the lien in the event the case is dismissed or converted, and therefore cannot be confirmed under 11 U.S.C. §1325(a)(5).

27. Upon information and belief, the Debtors have not established that they will be able to make all payments under the plan and to comply with the plan, and therefore the Plan cannot be confirmed under 11 U.S.C. §1325(A)(6).

28. Debtors have failed to file amended schedules I & J reflecting the change in their financials circumstances.

29. Upon information and belief, the Plan has not been proposed in good faith, and therefore the Plan cannot be confirmed under 11 U.S.C. §1325(a)(3).

30. Upon information and belief, the petition was not filed in good faith, and therefore the Plan cannot be confirmed under 11 U.S.C. §1325(a)(7).

31. Debtors are not entitled to a discharge because Debtors filed this Chapter 13 during the 4 year period preceding date of the Order for Relief in the Debtors prior Chapter 7 under 11 U.S.C. §1328(f)(1).

WHEREFORE, Bank USA respectfully objects to confirmation, requests that confirmation be denied, and, as Debtors are ineligible to convert to a Chapter 7, Bank USA further requests that the Chapter 13 be dismissed.

RESPECTFULLY SUBMITTED this 24th day of July, 2009.

              LANE & NACH, P.C.

              By /s/ LPB - 010412
                Lisa Perry Banen / Adam B. Nach
                Attorneys for Bank USA

Copy of the foregoing
delivered via electronic noticing
this 24th day of July, 2009 to the following:

Lawrence D. Hirsch
DeCONCINI McDONALD YETWIN & LACY, PC
7310 N 16the Street, #330
Phoenix, AZ 85020

Edward J. Maney
P.O. Box 10434
Phoenix, AZ 85064-0434

*/s/Terie K Flowers-Turner*